UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Ronald Lee Lewis,

   Plaintiff,

  vs.                                        REPORT AND RECOMMENDATION

Warden, FMC Rochester,

   Defendant.                    Civ. No. 06-3226 (ADM/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiff's Application to Proceed in forma pauperis ("IFP"). See, Docket No. 2. The Plaintiff appears pro se and, in view of the fact that any Complaint has yet to be served, no appearance has been made on behalf of the Defendants.

On August 4, 2006, the Plaintiff, who is a Federal prisoner, filed a Petition, pursuant to Title 28 U.S.C. §2241, asserting that he is being confined under conditions that constitute "cruel and unusual punishment." Subsequently, we issued an Order, which directed that the Petition be summarily dismissed, as it did not challenge the fact

Dockets.Justia.com

or duration of his confinement, see, <u>Heck v. Humphrey</u>, 512 U.S. 477, 481 (1994), but we afforded the Petitioner the opportunity to proceed with his action by filing a civil Complaint, pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).  Furthermore, we advised the Plaintiff that if he elects to file a civil Complaint in this action, his new pleading must be accompanied by an initial partial filing fee of not less than $3.33.[1]  <u>Docket No. 3</u>.

The Plaintiff now advises that he would like to dismiss this action, until such time as he has fully exhausted his administrative remedies.  See <u>Docket No. 5</u>.  The Defendants have yet to be served with process, and there does not appear to be any other impediment to the voluntary dismissal of this action.  See <u>Rule 41(a)(1), Federal Rules of Civil Procedure</u> ("[A]n action may be dismissed by the plaintiff without order of the court * * * by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.").  Accordingly, having construed the Plaintiff's most recent filing as a notice of voluntary dismissal, we recommend that this action be dismissed, but without prejudice, and that his Motion for leave to proceed IFP be denied, as moot.

---

[1]The Record reflects that the Plaintiff has recently paid the requested $3.33. <u>Docket No. 6</u>.

NOW, THEREFORE, It is –

RECOMMENDED:

1.    That this action be dismissed, but without prejudice.

2.    That the Plaintiff's Motion for Leave to Proceed in forma pauperis [Docket No. 2] be denied, as moot.


Dated: August 24, 2006                    s/Raymond L. Erickson
                                          Raymond L. Erickson
                                          CHIEF U.S. MAGISTRATE JUDGE

### NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than September 11, 2006,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than September 11,  2006,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.