UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ronald Lee Lewis,

        Petitioner,                      **MEMORANDUM OPINION AND ORDER**

v.                                           Civ. No. 06-3226 ADM/RLE

Warden, FMC Rochester,

        Respondent.

___

Ronald Lee Lewis, *pro se*.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Petitioner Ronald Lee Lewis's ("Petitioner") Letter/Petition/Motion ("Objections") [Docket No. 8] to Magistrate Judge Raymond L. Erickson's August 24, 2006, Report and Recommendation ("R&R") [Docket No. 7]. For the reasons set forth below, the R&R is adopted, the Objections are overruled, and the Clerk of District Court is directed to refund Petitioner's partial filing fee of $3.33.

## II. BACKGROUND

On August 4, 2006, Petitioner filed a Petition for Writ of Habeas Corpus [Docket No. 1], challenging not the validity or duration of his confinement but the conditions of confinement. On August 10, 2006, Magistrate Judge Erickson issued an Order [Docket No. 3] dismissing Petitioner's Petition for Writ of Habeas Corpus without prejudice on the grounds that challenging the conditions of confinement is the proper subject of a civil action rather than a writ of habeas corpus. Order at 2-3. The Order also granted Petitioner leave to file a civil complaint, provided that it comply with the pleading requirements of the applicable rules of procedure and that Petitioner pay an initial

partial filing fee of $3.33. Order at 6. Finally, the Order provided that if these requirements were not met by September 15, 2006, the Magistrate Judge would recommend dismissal of the action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Order at 6-7.

Petitioner timely paid the partial filing fee of $3.33 [Docket No. 6]. However, he wrote to the Magistrate Judge that he would not be able to exhaust his administrative remedies as required by law prior to the September 15 deadline [Docket No. 5]. Pursuant to his August 10 Order, the Magistrate Judge issued an R&R on August 24, 2006, recommending dismissal of Petitioner's action without prejudice.

Petitioner objects to dismissal, asking that the case be held open for his "future civil complaint." Objections at 1. Petitioner emphasizes that he does not wish to relinquish his civil claim, noting, "I was so serious about continuing that I had the 'partial' filing fee of $3.33 sent to the Clerk of this Court who misapplied it towards CV-06-3226-ADM/RLE instead of the future complaint." Id. Petitioner requests the Court "not dismiss my claim, please allow me to exhaust my internal institutional administrative remedies, then I will immediately file my civil complaint against the proper defendants." Id.

### III. DISCUSSION

In reviewing an R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

"[A] district court has the power under Fed. R. Civ. P. 41(b) to dismiss a case *sua sponte* for

failure to prosecute." Norman v. Ark. Dep't of Educ., 79 F.3d 748, 750 (8th Cir. 1996) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). Failure to comply with a court order is grounds for dismissal for failure to prosecute. See, e.g., Mann v. Lewis, 108 F.3d 145, 147 (8th Cir. 1997). Dismissal with prejudice is appropriate only where a litigant has intentionally or willfully delayed the proceedings. Id. Dismissal without prejudice, on the other hand, is a less drastic sanction that serves to "relieve the district court of the burden of [plaintiff]'s unprepared case, yet preserve [plaintiff]'s day in court." Id. at 148.

Dismissal without prejudice means that a plaintiff may file his claim again in the future. "Because the dismissal is without prejudice, the dismissal is not a bar to a later suit." Mo. Soybean Ass'n v. United States Envtl. Prot. Agency, 289 F.3d 509, 513 (8th Cir. 2002). In Radecki v. Joura, a civil plaintiff's case had been dismissed because plaintiff was unprepared for trial, and plaintiff appealed. 177 F.3d 694, 696 (8th Cir. 1999). The Eighth Circuit held that the district court correctly refused to allow plaintiff "an indefinite continuance of all matters." Id. However, the court noted that "Radecki has essentially been granted a continuance on his claims—dismissal without prejudice." Id.

In this case, Petitioner does not dispute that he failed to comply with the Magistrate Judge's August 10 Order. Rather, Petitioner's Objections appear to stem from his mistaken belief that dismissal without prejudice forecloses the possibility of further relief. In fact, dismissal without prejudice leaves Petitioner free to file a civil complaint with the required pleadings and fees once he has exhausted his administrative remedies. The Magistrate Judge's recommendation to dismiss without prejudice recognizes Petitioner's continuing interest in a civil remedy while taking into account the administrative burden of maintaining "an indefinite continuance of all matters."

<u>Radecki</u>, 177 F.3d at 696.  Thus Petitioner's Objections concerning the survival of his right to file a civil complaint are adequately addressed in the Magistrate Judge's recommendation that the dismissal be without prejudice.

Petitioner is correct insofar as he objects to the application of his filing fee to this action. Because the civil complaint was never filed, the partial filing fee of $3.33 shall be refunded to Petitioner.  He may resubmit it should he file a civil complaint in the future.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The R&R [Docket No. 7] is **ADOPTED**;

2. Petitioner's Objections [Docket No. 8] are **OVERRULED**;

3. Petitioner's Petition for Writ of Habeas Corpus [Docket No. 1] is **DISMISSED WITHOUT PREJUDICE**;

4. Petitioner's Motion for Leave to Proceed *in forma pauperis* [Docket No. 2] is **DENIED AS MOOT**; and

5. Petitioner's partial filing fee of $3.33 [Docket No. 6] be **REFUNDED** to Petitioner by the Clerk of District Court.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

      s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: October 12, 2006.